**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )          Case No. 1:26-CV-0090-SNLJ |
| | ) |
| D.W. TOOL, INC., ET AL., | ) |
| | ) |
| DEFENDANTS | ) |

## DEFENDANT JOHN EGBUKA SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS

Defendant John Egbuka respectfully submits these Suggestions in Support of his Motion to Dismiss Plaintiff The Cincinnati Insurance Company's Complaint for Declaratory Judgment, or, in the Alternative, to Stay this Action pending resolution of the related state-court proceedings.

## I.      INTRODUCTION

On December 1, 2025, John Egbuka filed a Petition in the Circuit Court of Cape Girardeau County, Missouri. In that underlying action Mr. Egbuka alleges that he suffered a serious and permanent lung injury when exposed to absorbent gelling material (AGM) while employed at the Procter & Gamble Paper Products plant in Jackson, Missouri.  The Petition asserts various claims against a number of defendants – including The Procter & Gamble Company, Procter & Gamble U.S. Business Services, BASF Corporation, Nippon Shokubai America Industries, Inc., Evonik Corporation, and D.W. Tool, Inc.[1]

---

[1] The claims against BASF Corporation and Nippon Shokubai America Industries, Inc. have been resolved and those parties dismissed.

One of three insurers of D.W. Tool,[2] The Cincinnati Insurance Company ("CIC"), has moved to intervene in the state-court action to request a stay of that case. CIC has also instituted this separate declaratory action based on commercial general liability ("CGL") policies it issued to D.W. Tool from 2002 to 2026.  *See* Doc. 1 at para. 38. Although D.W. Tool requested defense and indemnity in the state court tort action, CIC denied coverage and filed this suit seeking a determination that it owes neither a duty to defend nor indemnify D.W. Tool. CIC asserts that the policies' pollution exclusion bar coverage. *Id.* at para. 37.

This Court should dismiss CIC's declaratory-judgment action. This Court should decline to exercise jurisdiction in this case under the Declaratory Judgment Act and *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994 (8th Cir. 2005).  The issues CIC raises depend on unresolved factual questions at the core of the ongoing Missouri tort action, implicate state law, and create unnecessary federal–state entanglement.

Furthermore, the potential prejudice to Mr. Egbuka is extreme.  John Egbuka is 70 years old. Mr. Egbuka has a serious health condition – chronic obstructive pulmonary disease. CIC is proposing a discovery schedule in this court with a trial date in 2028.  At the same time, CIC is seeking to stay the underlying state court action.  If this case proceeds and the state court action is stayed, it may be three years or more before this case works its way through the trial court and any subsequent appeals.  Without being dramatic, if CIC is successful in pursuing this claim in this court and obtaining a stay of the underlying action, it may prevent Mr. Egbuka's claim from ever being heard on the merits during his lifetime – regardless of whether the CIC policy provides coverage.

---

[2] Travelers Insurance Company and Liberty Mutual Insurance Company have also been identified as having issued policies that may provide coverage for the claims asserted by Mr. Egbuka.

For these reasons, the Court should dismiss CIC's Complaint. At minimum, the Court should stay this action pending resolution of the underlying tort case.

## II.    ARGUMENT – THIS COURT SHOULD ABSTAIN OR STAY THIS ACTION

CIC has no absolute right to bring this action in this Court.  "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287. (citations omitted). Thus, in the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

The Eighth Circuit applies a six-factor test to guide district courts in determining whether to exercise jurisdiction over a declaratory judgment action related, but not parallel, to an action pending in state court:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;
>
> (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding;
>
> (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts;
>
> (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
>
> (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co.*, 426 F.3d at 998.

3

Applying the *Scottsdale* factors here confirms that abstention, or at the very least a stay, is warranted. Indeed, when the resolution of insurance coverage turns on factual determinations that will be made in the underlying state litigation, courts applying *Scottsdale* routinely hold that abstention or a stay is appropriate. *See, e.g., State Farm Fire & Cas. Co. v. Pit Stop Bar & Grill, LLC*, No. 4:15-CV-159 CEJ, 2015 WL 4663492, at *4 (E.D. Mo. Aug. 6, 2015)(staying declaratory action where coverage depended on whether the insured was acting within the course and scope of his employment and that issue would be addressed in the underlying litigation); *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 595 F. Supp. 2d 962, 973–74 (S.D. Iowa 2009)(entering stay where underlying case would determine facts essential to exclusion analysis).

**1.    A declaratory judgment would not clarify or settle the legal relations at issue**

CIC seeks a declaration that a pollution exclusion contained in the policies issued to D.W. Tool bars coverage. However, the exclusion that CIC claims to serve as the basis for this action turns on factual determinations that must be developed, and ultimately made, in the state court tort action.   For instance, whether a substance qualifies as a "pollutant" depends on what the "government or industry" recognized as "harmful or toxic to persons" at the time.   Compl. ¶ 80. Determining how and whether AGM may constitute a "pollutant" requires, among other things, evidence about toxicology, industry standards, regulatory guidance, and the circumstances under which the recycled AGM was processed and re-sold by D.W. Tool.

Where, as here, an insurer seeks a declaration concerning the applicability of exclusions that turn on disputed facts central to the underlying litigation, a stay or dismissal is warranted. *See Federal Ins. Co.*, 595 F. Supp.2d at 74.   A federal declaration issued now would rest on undeveloped facts, risk inconsistency with later state-court findings, and fail to clarify any legal relations. The first *Scottsdale* factor therefore strongly favors abstention.

4

**2.      A declaratory judgment will not relieve any party of uncertainty**

CIC's filing does not present the type of uncertainty that a declaratory judgment is designed to resolve. CIC has already denied both defense and indemnity outright, and it is not defending D.W. Tool under a reservation of rights. As a result, CIC faces no actual present dilemma about how to conduct itself going forward; it has already fixed its position. A declaration from this Court would not guide CIC's future conduct. Instead, it would simply ratify a decision already made. That is not the purpose of the Declaratory Judgment Act. Moreover, as discussed above, the exclusions CIC invokes cannot be applied until the state court determines key factual issues about what D.W. Tool did and what risks were known to the industry. Any declaration now would be necessarily contingent and advisory, not conclusive. The second *Scottsdale* factor therefore favors abstention.

**3.      Missouri has a strong interest in resolving the issues raised**

Missouri has a strong interest in this dispute. The underlying case involves chemical exposure at a Missouri manufacturing facility, an injury to a Missouri worker, and claims governed by Missouri law.  D.W. Tool is a Missouri corporation with its primary place of business in Missouri. Because the exclusions CIC invokes depend on factual determinations that will be intertwined with and resolved in the state-court action, Missouri has a compelling interest in allowing the parties to conduct discovery and develop those facts in the underlying case before any coverage issues are litigated. Allowing this declaratory action to proceed now would disrupt that process and inject the federal court into matters the Missouri court is better positioned to manage. Thus, factor three favors abstention.

**4.      The issues can be resolved more efficiently in the ongoing state action**

All necessary parties and evidence are in state court. CIC has moved to intervene in the state court action.  The Missouri Supreme Court has stated that, when possible, declaratory judgment actions should be brought in the court where the underlying action is pending.  See *McCrackin v. Mullen*, 701 S.W.3d 868, 874 (Mo. 2024).  The reasoning behind the *McCrackin*, decision is simple, judicial efficiency.

The factual determinations relevant to CIC's pollution exclusion (e.g. industry or government knowledge regarding AGM, toxicity of AGM, etc.) will be litigated there. Requiring parallel litigation of those issues here would fragment discovery, duplicate effort, and risk inconsistent findings. In contrast, the state court can resolve liability and fact disputes in one coordinated proceeding, after which any remaining coverage issues can be addressed coherently. D.W. Tool is already being defended in the underlying action based upon policies issued by two other insurance companies.  If D.W. Tool is ultimately not found to be liable for Mr. Egbuka's injuries, CIC's indemnity arguments become moot. Proceeding now would waste judicial resources.

CIC's litigation posture in the state court action further highlights the inefficiency of allowing this case to go forward. CIC has moved to interve and asked the state court to stay the tort action so that this federal case may proceed alone. That request demonstrates why abstention is warranted: CIC seeks to halt fact-finding in a forum where all relevant witnesses, documents, and third-party evidence exists or will be developed and would, instead, require this Court to adjudicate fact-intensive issues without the Procter & Gamble entities or the full evidentiary record. That is the opposite of judicial economy. It would multiply, not streamline, litigation and expend resources in two separate courts. Factor four therefore strongly favors abstention.

6

**5.    Allowing this case to proceed would create unnecessary federal–state entanglement**

As discussed above, evaluating the policy exclusion that CIC relies upon would require this Court to make factual and legal determinations that overlap directly with issues being litigated in state court. If this Court were to proceed, it would risk issuing findings inconsistent with those later reached by the state court, precisely the type of entanglement *Scottsdale* cautions against. Factor five thus favors abstention.

**6.    CIC's filing reflects procedural fencing and forum shopping**

The sequence of events strongly suggests procedural fencing. CIC denied coverage, refused to defend under a reservation of rights, and then came before this Court seeking a fact-based coverage determination—while also asking the state court to stay the tort action. The very factual issues CIC seeks to adjudicate here will necessarily be resolved in the state litigation. There is no legitimate reason to conduct duplicative proceedings in two forums. CIC's effort to pursue a federal declaration while attempting to freeze the state court case best positioned to determine the operative facts underscores the tactical, forum-shopping nature of this filing. CIC does not want to intervene in the state court action for purposes of its declaratory judgment precisely because the case cannot be removed to this Court. This is the definition of forum shopping. For these reasons, the sixth *Scottsdale* factor weighs in favor of abstention.

When considered together, all six *Scottsdale* factors point toward abstention. The issues CIC raises depend on undeveloped facts and questions central to the underlying state court case. Missouri courts have a strong interest in resolving those questions, and allowing this case to proceed would create duplicative discovery, inconsistent findings, and unnecessary entanglement.

**III.   CONCLUSION**

Application of the *Scottsdale* factors demonstrates that this is a case in which the Court should decline jurisdiction. At a minimum, the circumstances warrant staying this action until the state litigation resolves the predicate factual questions so that any coverage determination can be made on a complete record.

For these reasons, Defendant John Egbuka respectfully request that the Court dismiss CIC's Complaint for Declaratory Judgment or, in the alternative, stay these proceedings pending resolution of the underlying state-court action.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McCLAIN, P.C.

/S/ Steven E. Crick
STEVEN E. CRICK                                    #32654
KEVIN D. STANLEY                                   #48008
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:     (816) 836-5050
sec@hfmlegal.com
kds@hfmlegal.com
**ATTORNEYS FOR JOHN EGBUKA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, the foregoing was electronically filed with the Clerk of Court using the ECF system.

/s/ Steven E. Crick

Attorney for Plaintiff